# Exhibit J

825 F.Supp.2d 278
United States District Court,
District of Columbia.

ZHENLI YE GON, Petitioner,
v.
Eric HOLDER, Jr., et al., Respondents.

Civil Action No. 11–0969 (ABJ).
|
Nov. 22, 2011.

**Synopsis**
**Background:** Prisoner, a Chinese national with Mexican citizenship who was in custody pending final decision of Secretary of State whether to extradite him to Mexico, petitioned for habeas relief. Action was transferred to District Court for Western District of Virginia.

**Holding:** The District Court, Amy Berman Jackson, J., held that it lacked jurisdiction over habeas petitions, thereby requiring dismissal of one of petitions and transfer of other petition to Western District of Virginia court.

So ordered.

West Headnotes (1)

**[1]**   **Habeas Corpus**   Aliens
        **Habeas Corpus**   Transfer and change of venue

District Court of the District of Columbia lacked jurisdiction over habeas petitions brought by Chinese national with Mexican citizenship, who was in custody in Virginia jail pending final decision of Secretary of State whether to extradite him to Mexico, thereby justifying dismissal of Chinese national's habeas petition filed in District of Columbia and transfer of Chinese national's first habeas petition back to District Court for Western District of Virginia, which had sua sponte transferred the case to District of Columbia; warden of Virginia jail, rather than United States Marshal for the District of Columbia, was petitioner's immediate custodian and person who exercised day-to-day control over facility and petitioner.

**Attorneys and Law Firms**

**\*279** Gregory S. Smith, Attorney at Law, Washington, DC, John C. Lowe, John Lowe, P.C., Bethesda, MD, for Petitioner.

John Philip Dominguez, U.S. Attorney's Office, Valinda Jones, U.S. Department of Justice, Washington, DC, Alexander Francuzenko, Cook, Kitts & Francuzenko, PLLC, Fairfax, VA, for Respondents.

*MEMORANDUM OPINION*

AMY BERMAN JACKSON, District Judge.

Petitioner Zhenli Ye Gon has filed two separate habeas petitions under 28 U.S.C. § 2241 challenging his confinement at the Central Virginia Regional Jail in Orange, Virginia. *See Gon v. Holder et al.,* No. 11–969, and *Gon v. Sloane et al.,* No. 11–860.[1] The first petition, *Gon v. Holder et al.,* was originally filed in the Western District of Virginia as Case No. 11–060, and the court *sua sponte* transferred the case to this district, where it was re-docketed as D.D.C. Case No. 11–969. Petitioner filed the second petition, *Gon v. Sloane, et al.,* No. 11–860, in this district. The issue the Court must resolve in both of the pending cases is whether it has jurisdiction to hear the habeas petitions or whether jurisdiction is proper in the Western District of Virginia. The Court concludes that it does not have jurisdiction over petitioner's habeas claims because petitioner's immediate physical custodian is not found within this district. Accordingly, the Court will transfer *Gon v. Holder et al.,* No. 11–969, back to the Western District of Virginia where jurisdiction is proper and dismiss *Gon v. Sloane et al.,* No. 11–860, for lack of jurisdiction.

**I. BACKGROUND**
Petitioner is a Chinese national with Mexican citizenship who is in the custody of the United States pending a final decision from the Secretary of State whether to extradite him to Mexico. *Gon v. Holder,* 11–969, [Dkt. # 1] at 1–2. He is currently detained at the Central Virginia Regional Jail in

Orange, Virginia under a commitment order issued by the Hon. John M. Facciola, Magistrate Judge for the U.S. District Court for the District of Columbia. *In re Extradition of Zhenley Ye Gon,* 768 F.Supp.2d 69 (D.D.C.2011) Certificate of Extraditability and Commitment Order, [Dkt. # 176]. The commitment order stated that petitioner would "remain committed to the custody of the United States pending final disposition of this matter by the Secretary of State and [his] surrender to Mexican authorities." *Id.*

A. *Gon v. Holder et al., 11–969*

On February 10, 2011, petitioner filed a petition for a writ of habeas corpus in the Western District of Virginia pursuant to 28 U.S.C. §§ 2241 and 2243. *Gon v. Holder et al.,* No. 11–969 [Dkt. # 1]. He named as respondents in that action: Floyd Aylor, the warden of the state facility where he is **\*280** confined; Gerald S. Holt, the U.S. Marshal for the Western District of Virginia; Eric Holder, Jr., the Attorney General of the United States; and Hillary Rodham Clinton, Secretary of State. *Id.* On April 26, 2011, the government moved to dismiss the Attorney General and Secretary of State on the grounds that they were not proper respondents because they did not have immediate physical control over the petitioner. *Gon v. Holder et al.,* No. 11–060 [Dkt. # 11] at 15–18 (W.D.V.A.). The government acknowledged that the first habeas petition was correctly filed in the Western District of Virginia because it named the proper respondent—the warden of the Virginia jail who has day-to-day control over petitioner—and because the warden was found in that district. *Id.* at 15–17, citing *Rumsfeld v. Padilla,* 542 U.S. 426, 434–35, 443, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).[2]

On May 24, 2011, the District Court for the Western District of Virginia *sua sponte* added the U.S. Marshal for the District of Columbia as a respondent and transferred the petition to this Court, where it was opened as Case No. 11–969. *Gon v. Holder,* 11–969 [Dkt. # 15]. The court based its decision on its determination that the U.S. Marshal for the District of Columbia "remain [ed] the officer responsible for petitioner's custody as ordered by the D.C. District Court." *Id.* at 6. The court found that concurrent jurisdiction existed between the Western District of Virginia and the District of Columbia over the matter, and because of factors related to the convenience of the parties, venue "was best placed with the United States District Court for the District of Columbia." *Id.* at 1.

B. *Gon v. Sloan, et al., 11–860*

On May 6, 2011, petitioner filed another habeas petition in this Court, *Gon v. Sloan et al.,* No. 11–860. Petitioner asserts that he filed the second petition before this Court because two developments in his case had led him to believe that he might be extradited to Mexico before a court heard his habeas petition on the merits. First, his counsel received a letter from the U.S. Marshal for the Western District of Virginia, stating that "[his] client [was] currently in the custody of the U.S. Marshal for the District of Columbia, not in the custody of this district." *Gon v. Holder,* 11–969 [Dkt. # 10–1]. Second, the government filed its motion to dismiss in the Western District of Virginia requesting dismissal of the Attorney General and Secretary of State as respondents. Petr.'s Opp., *Gon v. Sloane, et al.,* 11–860 [Dkt. # 12] at 2.

The second habeas petition challenged petitioner's confinement under the commitment order on the same grounds as the first petition but named different respondents—Eric Holder, Jr., the U.S. Attorney General; Hillary Rodham Clinton, U.S. Secretary of State; and Edwin D. Sloane, U.S. Marshal for the District of Columbia. *Gon v. Sloane, et al.,* 11–860 [Dkt. # 1] at 1. On June 22, 2011, the government moved to dismiss the second petition for lack of jurisdiction. [Dkt. # 10].

**II. ANALYSIS**

The federal habeas statute plainly states that an application for a writ of habeas corpus "shall allege ... the name of the person who has custody over" the prisoner. 28 U.S.C. § 2242; *see also* 22 U.S.C. § 2243 ("The writ, or order to show cause, shall be directed to the person having custody **\*281** of the person detained.") To the extent there is a question as to how the statute should be applied under the circumstances here, this case is governed, as both parties agree, by the opinion of the Supreme Court in *Rumsfeld v. Padilla,* 542 U.S. at 426, 124 S.Ct. 2711.

The government argues that petitioner's habeas petitions should be transferred and/or dismissed because this Court lacks jurisdiction over petitioner's immediate physical custodian—the warden of the Central Virginia Regional Jail. *Gon v. Sloane, et al.,* 11–860 [Dkt. # 10] at 6. Petitioner agrees that *Padilla* applies but contends that the U.S. Marshal for District of Columbia is his immediate custodian because he is the person "with the ability to produce the prisoner's body before the habeas court." Petr.'s Opp., *Gon v. Sloane, et al.,*

11–860 [Dkt. # 12] at 3. Although petitioner is physically confined in the Western District of Virginia, he argues that the U.S. Marshal for the District of Columbia holds legal custody over him and that he is only being held in Virginia pursuant to a contract with the U.S. Marshal for this Court. *Id.* According to petitioner:

> [The U.S. Marshal for the District of Columbia] has the ability and responsibility to bring Mr. Ye Gon both as he is transported to and from this Court, while he is held in lockup under the exclusive authority of the U.S. Marshal for the District of Columbia downstairs in the courthouse, and during all times when his body is before this habeas court.

*Id.* The government acknowledges that the U.S. Marshal for the District of Columbia retains administrative responsibility for petitioner because the certification and commitment order which led to his confinement was issued from this Court. Respondents' Reply, *Gon v. Sloane et al.,* 11–860, [Dkt. # 14] at 3 n. 1. Despite these facts, the government argues that *Padilla* still dictates that the proper respondent in this case is the warden of the Virginia jail because he is the petitioner's "immediate physical custodian" and the person who exercises "day-to-day" control over the facility and the prisoner. *Id.,* citing *Padilla,* 542 U.S. at 438, 124 S.Ct. 2711; *Stokes v. U.S. Parole Com'n,* 374 F.3d 1235 (D.C.Cir.2004).

A. *The Supreme Court's Decision in Rumsfeld v. Padilla*
Padilla, a citizen of the United States, was originally apprehended in connection with a material witness warrant issued by the United States District Court for the Southern District of New York. *Id.* at 430, 124 S.Ct. 2711. He was being held in federal criminal custody there when the President of the United States issued an order designating him an "enemy combatant" and directed the Secretary of Defense to take him into military custody. *Id.* at 431, 124 S.Ct. 2711. After he was moved to a naval brig in Charleston, SC, he filed a habeas petition in the Southern District of New York and named as respondents President George W. Bush, Secretary of Defense Donald M. Rumsfeld, and the Commander of the Consolidated Naval Brig in Charleston, SC. *Id.* at 432, 124 S.Ct. 2711.

The government moved to dismiss the petition on the grounds that the commander of the brig was the only proper respondent, and that the Southern District lacked jurisdiction over the matter. *Id.* at 432, 124 S.Ct. 2711. The Southern District of New York held that the Secretary's personal involvement in Padilla's military custody made him a proper respondent to the habeas petition, and it asserted jurisdiction over him under the state's long-arm statute. *Padilla ex rel. Newman v. Bush,* 233 F.Supp.2d 564 (S.D.N.Y.2002). The U.S. ***282** Court of Appeals for the Second Circuit upheld that determination, stating that when a prisoner is being held for charges "other than federal criminal violations, the Supreme Court has recognized exceptions to the general practice of naming the immediate physical custodian as respondent." *Padilla v. Rumsfeld,* 352 F.3d 695, 708 (2d Cir.2003). The court of appeals characterized Secretary Rumsfeld as Padilla's custodian for purposes of the habeas statute because he exercised "the legal reality of control" over the petitioner, and it supported the District Court's application of the long-arm statute as well. *Id.* at 707–10.

But the Supreme Court flatly rejected the notion that either the statute or its own precedent countenanced the establishment of a separate rule for prisoners being held for reasons other than a federal criminal offense. It ruled unequivocally that in any challenge to present physical confinement, "the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla,* 542 U.S. at 439, 124 S.Ct. 2711 ("We have never intimated that a habeas petitioner could name someone other than his immediate physical custodian as respondent simply because the challenged physical custody does not arise out of a criminal conviction.") The Court also confirmed that "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443, 124 S.Ct. 2711.

B. *Under Padilla, the Court Lacks Jurisdiction over the Habeas Petitions*

This Court finds that *Padilla* is controlling here, and therefore, *Gon v. Holder et al.,* 11–969, must be transferred back to the Western District of Virginia, and *Gon v. Sloane et*

*al.,* 11–860, must be dismissed. The Court recognizes that the court in the Western District of Virginia has already entered an order transferring one of the pending cases here. *See Gon v. Holder et al.,* 11–969 [Dkt. # 15], and that transfer orders are ordinarily subject to the law-of-the-case doctrine. *See [Christianson v. Colt Indus. Operating Corp.,](https://...) 486 U.S. 800, 818–19, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988).* This Court certainly does not take the step of returning the case lightly. The transfer decision was based upon the Western District of Virginia's careful balancing of the considerations set forth in [28 U.S.C. § 1404(a)](https://...), and neither the government nor this Court takes issue with the court's analysis of the factors related to the convenience of the parties. *Gon v. Holder et al.,* 11–969 [Dkt. # 15] at 6–7. So this Court is not undertaking to substitute its evaluation of the grounds for transfer for the assessment of the transferring court. Rather, this opinion is based solely on the fact that a necessary predicate for transfer is the existence of jurisdiction in the transferee court, and the application of Supreme Court precedent indicates that there is no concurrent jurisdiction in this case.[3] The Court notes that the Western District did not have the benefit of the parties' briefing on the narrow question of this Court's jurisdiction when it entered its order, and that the transfer order was premised primarily on the Supreme Court's opinion in *[Braden v. 30th Judicial Circuit Court of Ky.,](https://...) 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).*

**\*283** But *[Braden](https://...)* must be read in conjunction with the Supreme Court's subsequent opinion in *Padilla,* which the Western District of Virginia did not have occasion to address. While the Court did not reject or overturn the *[Braden](https://...)* decision, it discussed the limits of the opinion, and distinguished it from the situation presented in *Padilla:*

> In *[Braden](https://...)* ... an Alabama prisoner filed a habeas petition in the Western District of Kentucky. He did not contest the validity of the Alabama conviction for which he was confined, but instead challenged a detainer lodged against him in Kentucky state court. Noting that petitioner sought to challenge a "confinement that would be imposed in the future," we held that petitioner was "in custody" in Kentucky by virtue of the detainer.... In these circumstances, the Court held that the proper respondent was not the prisoner's immediate physical custodian (the Alabama warden), but was instead the Kentucky court in which the detainer was lodged. This made sense because the Alabama warden was not "the person who [held] him in what [was] alleged to be unlawful custody." ... Under *[Braden](https://...),* then, a habeas petitioner who challenges a form of "custody" other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged "custody." But nothing in *[Braden](https://...)* supports departing from the immediate custodian rule in the traditional context of challenges to present physical confinement.

\* \* \*

> In *[Braden](https://...)* ... the immediate custodian rule did not apply because *there was no* immediate custodian with respect to the "custody" being challenged. That is not the case here.

*[Padilla,](https://...) 542 U.S. at 438–39, 124 S.Ct. 2711* (citations omitted).

So, the question before this Court is whether the instant petition challenges present custody as in *[Padilla,](https://...)* or whether it is more like the petition in *[Braden](https://...)* which did not question the validity of the prisoner's current confinement but focused on the future confinement. Petitioner attempts to characterize his petitions as fitting within the exception to the immediate custodian rule described in *[Braden](https://...)* by claiming that he is not challenging his present physical custody so much as he is "trying to prevent the possibility of future extradition." Petr.'s Opp. at 8. This argument has little force. Petitioner's applications specifically challenge the order under which he is presently confined—the February 9, 2011 Certificate of Extraditability and Commitment Order. And since there is an immediate custodian with respect to the custody being challenged, the warden of the Virginia jail is the appropriate respondent, *see [Padilla, 542 U.S. at 435, 124 S.Ct. 2711](https://...)* ("the proper respondent is the warden of the facility where the prisoner is being held"), and the Western District of Virginia is the court with jurisdiction.[4] As the Supreme Court stated in *[Padilla:](https://...)*

> In habeas challenges to *present* physical confinement ... the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent.

\* \* \*

**\*284** *Braden* does not derogate from the traditional district of confinement rule for core habeas petitions challenging present physical custody.

*Id.* at 444–45, 124 S.Ct. 2711. *See also Stokes,* 374 F.3d at 1235 (applying *Padilla* to require the dismissal of a habeas petition filed by a prisoner convicted in the Superior Court of the District of Columbia but housed in Ohio).[5] The Court agrees with the government that "[c]hallenges to present physical custody, even if supplemented by vague allegations of future custody, still qualify as core challenges subject to the immediate-custodian and territorial-jurisdiction rules." Respondents' Reply, *Gon v. Sloane, et al.,* 11–860, [Dkt. # 14] at 9, citing *Nken v. Napolitano,* 607 F.Supp.2d 149 (D.D.C.2009).

Petitioner alternatively argues that even if the challenge to this Court's jurisdiction was valid, it has been waived because the government did not object to leaving the U.S. Marshal for the Western District of Virginia (Marshal Holt) as a respondent in the original habeas action before it was transferred to D.C. Petr.'s Opp., *Gon v. Sloane et al.,* 11–860 [Dkt. # 12] at 9–11. The Court is not persuaded by this argument. The government has taken the consistent position throughout this litigation that the only proper respondent for the habeas petition is the warden of the Virginia jail where petitioner is confined. The fact that the government moved to dismiss only the Attorney General and the Secretary of State as respondents in the original habeas petition and did not include the Marshal for the Western District of Virginia does not waive its ability to challenge this Court's jurisdiction now. At the time the motion to dismiss was filed, the government had no reason to believe that the court in Virginia would *sua sponte* transfer the habeas petition to this Court or that petitioner "would belatedly contend that jurisdiction belonged in the District of Columbia and not in the district in which he originally chose to file his habeas petition." Respondents' Reply, *Gon v. Sloane, et al.,* 11–860 [Dkt. # 14] at 12.

Finally, petitioner asks the Court to issue a temporary stay of extradition until the Western District of Virginia rules on the habeas petition. The record in this case reflects that the government has already taken steps to suspend any action on the extradition order pending the resolution of petitioner's habeas petition. In his memorandum opinion on the extradition request, Magistrate Judge Facciola denied a request for a motion to stay because "[t]he United States assures me that the Secretary of State ... will not remand the defendant to Mexico [if there is pending habeas petition.]" Mem. Op., *In re Extradition of Zhenley Ye Gon,* 768 F.Supp.2d 69 (D.D.C.2011). The filings in the cases presently before the Court demonstrate that the government continues to stand by that promise. *See, e.g.,* Respondents' Reply, *Gon v. Sloane, et al.,* 11–860 [Dkt. # 14] at 16 ("[T]he United States assures **\*285** the Court that it has suspended action on the extradition request until a district court rules on the merits of the habeas petition.") In light of the assurances the government has already made to petitioner and this Court, petitioner's request is moot.

## CONCLUSION

Counsel for petitioner has made one good faith effort after another to lodge this action in the appropriate court and to name the proper respondents. But since at bottom, the instant petitions challenge petitioner's present custody, it appears to this Court that Supreme Court and D.C. Circuit precedent call for the matter to be heard in the Western District of Virginia where petitioner began. Accordingly, the Court will grant the motion to transfer[6] [Dkt. # 25] in *Gon v. Holder et al.,* 11–969, and will grant the motion to dismiss [Dkt. # 10] in *Gon v. Sloane et al.,* 11–860. All other pending motions will be dismissed as moot.

A separate order will issue.

**All Citations**

825 F.Supp.2d 278

---

## Footnotes

| | |
|---|---|
| 1 | An identical memorandum opinion has been filed in *Gon v. Sloane, et al.,* 11–860. |

| | |
|---|---|
| 2 | The government did not move to dismiss the Gerald S. Holt, U.S. Marshal for the Western District of Virginia, as a respondent. |
| 3 | Moreover, as the government points out, there is no federal correctional facility within the District of Columbia. If this Court were to recognize the availability of concurrent jurisdiction in habeas proceedings based on the source of the original order of detention rather than solely upon the location of the immediate custodian, it would fundamentally alter the landscape of habeas litigation and facilitate unprecedented and unseemly forum shopping by D.C. prisoners housed in institutions all over the country. |
| 4 | Petitioner's description of the role to be played by the U.S. Marshal does not change this analysis. Petitioner is in custody in Virginia and the warden is his immediate custodian; he claims only that the U.S. Marshal is involved in his transportation to and from the District of Columbia and his detention for the limited time when he is held in the court's lockup immediately before and after court appearances. |
| 5 | The Court notes that neither party undertook to grapple with footnote 8 in *Padilla,* in which the Supreme Court left open the question of whether the Attorney General would be a proper respondent to a habeas petition filed by an alien detained pending deportation, but noted that the majority of lower courts that have considered the question have applied the immediate custodian rule and found that the Attorney General is *not* a proper respondent. 542 U.S. at 435 n. 8, 124 S.Ct. 2711. Since the Supreme Court did not resolve the issue, this Court is left without the benefit of a ruling that might be analogous to this case. But it is somewhat notable that the Supreme Court did not take the opportunity to disagree with the majority approach, and therefore, footnote 8 is not inconsistent with this Court's ruling that it is the immediate custodian, and not the Attorney General or U.S. Marshal who is the proper respondent in this case. |
| 6 | Because the Court lacks jurisdiction, it declines to dismiss the U.S. Attorney General, the Secretary of State, and the U.S. Marshal for the District of Columbia as respondents. |

---

**End of Document**

© 2025 Thomson Reuters. No claim to original U.S. Government Works.